**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHAWN D. SHAW, | |
| Petitioner, | Civil Action No.: 19-16702 (ES) |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

SALAS, DISTRICT JUDGE

Petitioner Shawn D. Shaw ("Petitioner"), a prisoner incarcerated at the Federal Correctional Institution Elkton in Lisbon, Ohio, is proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. No. 3 ("Petition" or "Pet.")). The United States of America ("Respondent") filed a response after the Court's order to show cause and two extensions (D.E. Nos. 8, 14 & 17). (D.E. No. 19 ("Answer")). For the following reasons, the Court RESERVES judgment on Petitioner's first claim pending supplemental briefing and DENIES the remainder of the Petition.

## I. BACKGROUND

The Court recounts only the facts relevant to this Opinion. In early 2016, Petitioner faced trial for the alleged sexual assault of E.S.—a female pretrial detainee—that occurred in the Essex County Correctional Facility ("ECCF") in December 2010 where Petitioner worked as a correctional officer. *See United States v. Shaw*, 891 F.3d 441, 444 (3d Cir. 2018). On the evening of the assault, a snowstorm resulted in short staffing at ECCF; thus, Petitioner was the sole officer

on duty the night of the assault.  *See id.* at 445.  The Court of Appeals for the Third Circuit

recounted the incident at follows:

> When Shaw arrived for his shift, some of the women including E.S.
> "flashed" him with their buttocks as "sort of a hazing ritual to the
> new officer in the unit." App. 326.  Shaw responded by making
> sexual comments to E.S., such as asking if he can "hit that," which
> E.S. understood to be a request to perform sexual acts.  App. 327.
> Shaw also spoke over an intercom connected to the cell that E.S.
> shared with a cellmate, made explicit sexual advances, and
> threatened that he was "going to come in there" and "get [her] out
> of there."  App. 329.
>
> Shortly before 3:00 a.m. on December 28, 2010, E.S. awoke to Shaw
> in her cell.  Shaw removed E.S.'s pants, "forced himself on [her],"
> App. 332, by "[p]ressing down" his hand on her chest so that she
> was unable to get up, and digitally penetrated her vagina, App. 404.
> Shaw then removed his own pants and underwear and laid on top of
> E.S. with the weight of his body.  Shaw proceeded to engage in
> sexual intercourse with E.S. who was unable to move and "felt like
> [she] couldn't breathe."  App. 404.

*Id.*

E.S. did not immediately report the incident.  *Id.*  Once confronted, however, she formally

reported the sexual assault and underwent an examination by a Sexual Assault Nurse Examiner.

Semen was found on E.S.'s cervix, and the Government obtained a DNA mixture.  *Id.*  At trial, the

Government's expert testified that, within the African American population,[1] the DNA obtained

was approximately "28.9 million times more likely" composed of E.S. and Petitioner's DNA than

E.S. and a random individual's DNA.  (D.E. No. 19-14, Feb. 1, 2016 Tr. Transcript at 170:10–21).

On February 5, 2016, a jury convicted Petitioner of one count of deprivation of civil rights

under color of law in violation of 18 U.S.C. § 242 and one count of obstruction of justice in

violation of 18 U.S.C. § 1512(b)(3).  *Shaw*, 891 F.3d at 446.  On June 13, 2016, this Court

sentenced Petitioner to a term of 300 months' imprisonment on Count I to run concurrently with

---

[1]      Petitioner is African American.

2

240 months' imprisonment on Count II, and five years of supervised release.  (*Shaw*, No. 13-0660, D.E. No. 98).   Indeed, as recounted by the Third Circuit, Petitioner's sentence "represented a downward variance from the Sentencing Guideline range of life."  *Shaw*, 891 F.3d at 446.  On June 15, 2016, this Court entered a final judgment against Petitioner.  (*Shaw*, No. 13-0660, D.E. No. 99).  An amended judgment was entered on March 15, 2018.  (*Id.* at D.E. No. 103).

Petitioner filed a direct appeal on June 17, 2016.  (*Id.* at D.E. No. 100).  Among other arguments, Petitioner challenged the portion of E.S.'s testimony on redirect examination where she testified to seeing a therapist in connection with the sexual assault.  *Shaw*, 891 F.3d at 453.  Notably, the Third Circuit stated that it "need not determine whether the District Court abused its discretion in allowing E.S. to testify that she is in therapy, as any potential error would be harmless . . . . given the truly overwhelming quantity of legitimate evidence against [Petitioner], including E.S.'s testimony, the DNA evidence, the cell door records, and the surveillance videos, and given that the Government did not mention this testimony in its closing argument."  *Id.* (first citing *United States v. Bailey*, 840 F.3d 99, 124 (3d Cir. 2016); and then citing *United States v. Christie*, 624 F.3d 558, 571 (3d Cir. 2010)) (internal quotations omitted).  The Third Circuit affirmed Petitioner's judgment.  *Id.* at 455.

The instant Petition raises three grounds to vacate, set aside or correct his sentence. Petitioner asserts that trial counsel rendered ineffective assistance by (i) failing to confer with and call as a witness forensic scientist Arthur W. Young to rebut the Government's expert witness on the DNA evidence and (ii) failing to impeach E.S. for her allegedly false testimony that she had been seeing a therapist in connection with the sexual assault.  (Pet. at 4–6 & 15–38).[2]  Finally,

---

[2]      For pin cites to Docket Entry Number 3, the Court relies on the pagination automatically generated by the CM/ECF.

Petitioner asserts that the Government elicited perjured testimony from E.S., which entitles him to a new trial.  (Pet. at 7 & 38–40).

## II.     LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.  Section 2255(a) provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the moving party claims a jurisdictional defect or a constitutional violation, the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (citing *United States v. Timmreck*, 441 U.S. 780, 783 (1979) and quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief.  28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

## III.    DISCUSSION

### A.     Ground One: Ineffective Assistance of Counsel for Alleged Failure to Confer with an Expert

In ground one, Petitioner alleges that his trial counsel provided ineffective assistance by failing to confer with and call forensic scientist Arthur W. Young as an expert witness to rebut the

Government's expert witness on DNA evidence.   (*See* Pet. at 4 & 15–35).   In its Answer, Respondent asserted that Petitioner failed to submit an affidavit as to what Young's testimony would have been, and it noted the difficulty in assessing any potential prejudice without such an affidavit.  (*See* Answer at 20–24).  In reply, however, Petitioner submitted an affidavit from Young setting forth the testimony he would have given.  (*See* D.E. No. 22).  Respondent did not submit briefing addressing Young's affidavit.

Given the complex subject matter and dense nature of Young's affidavit, the Court finds that additional briefing from Respondent is appropriate.  The Court, therefore, reserves judgment on ground one, and orders Respondent to provide supplemental briefing addressing the issue of alleged prejudice in light of Young's affidavit.[3]

### B.   Ground Two: Ineffective Assistance of Counsel for Alleged Failure to Impeach E.S.

In ground two, Petitioner contends that his trial counsel rendered ineffective assistance by failing to investigate and impeach E.S. regarding allegedly false testimony that she was seeing a therapist.  (Pet. at 35).  On redirect examination at trial, E.S. provided the following testimony:

> Q.  Do you currently see a therapist?
> A.  I do.
> Q.  In connection with this?
> A.  Yes.
> . . .
> Q.  Do you see a therapist in part related to this incident?
> A.  In part, yes.

(D.E. No. 19-11, Jan. 29, 2016 Tr. Transcript at 96:2–97:23).  Petitioner argues that this was not true and that trial counsel should have investigated the issue for the following reasons: (i) "[n]othing in discovery indicated that [E.S.] had undergone psychiatric or psychological care and

---

[3]      The Court also orders the parties to submit any additional evidence they may have regarding the extent to which Attorney Fury conferred with Expert Young, within the confines of any applicable rules of privilege.

treatment"; (ii) "the Probation Department could not verify [E.S.'s] claims that she incurred a cost of $28,600 for therapy and was reimbursed $26,000 of that cost by her insurance company"; and (iii) E.S. stated in her post-trial victim impact statement that she "never mentioned the crime to anyone," including her therapist.  (Pet. at 36).

The two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington* governs claims asserting ineffective assistance of counsel.  466 U.S. 668, 687 (1984).  To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient."  *Id.*  "To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'"  *Harrington v. Richter*, 562 U.S. 86, 104 (2011).  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689.  A petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable."  *Strickland*, 466 U.S. at 687.  To establish prejudice, a petitioner "need not establish that the attorney's deficient performance more likely than not altered the outcome" of the petitioner's case, but only that there is a reasonable probability of such an effect upon the outcome of the case.  *Nix v. Whiteside*, 475 U.S. 157, 175 (1986).

In this case, Petitioner fails to demonstrate that his counsel was deficient for failing to investigate or impeach E.S. on the issue.  Nothing Petitioner alleges indicates that E.S. was untruthful and that an investigation would have been fruitful.  First, Petitioner fails to allege or show that he or his attorney made discovery requests for E.S.'s therapy records.  Second, the fact that the Probation Department could not verify the cost and reimbursement amount for her therapy

6

does not suggest, let alone prove, that E.S. was not seeing a therapist at the time of trial.  Finally, although E.S. did state that she "never mention[ed] the crime to anyone" in her victim impact statement, (*see* D.E. No. 1-2, Ex. B. at 3), Petitioner takes that statement out of context.  In fact, E.S. stated that "I came home *in February 2012*, never mentioning the crime to anyone. . . . I didn't talk about it with my therapist." (*Id.* (emphasis added)).  Thus, her statement that she did not talk about the case—even to her therapist—in 2012 does not indicate whether she was seeing a therapist in connection with the sexual assault at the time of trial four years later.  Thus, counsel was not unreasonable in failing to investigate or impeach E.S. on the issue, and Petitioner fails to satisfy the first prong of *Strickland*.  Accordingly, the Court denies ground two.

### C.     Ground Three: Prosecutorial Misconduct Claim

Finally, in ground three, Petitioner alleges that the prosecutor suborned perjured testimony by asking E.S. whether she was seeing a therapist.  (Pet. at 7 & 38–40).  "The Supreme Court has long held that the [Government's] knowing use of perjured testimony to obtain a conviction violates the Fourteenth Amendment."  *Lambert v. Blackwell*, 387 F.3d 210, 242 (3d Cir. 2004).  "The same is true when the government, although not soliciting false evidence, allows it to go uncorrected when it appears at trial."  *Id.*  To establish a due process violation, Petitioner must show that "(1) [the witness] committed perjury; (2) the Government knew or should have known of [the witness's] perjury; (3) [the witness's] testimony went uncorrected; and (4) there is a reasonable likelihood that the false testimony could have affected the verdict."  *United States v. Hoffecker*, 530 F.3d 137, 183 (3d Cir. 2008) (citing *Lambert*, 387 F.3d at 242).

Here, Petitioner's claim fails because, as noted above, Petitioner offers no evidence that E.S. committed perjury when she testified at trial that she was seeing a therapist in connection with the sexual assault.  Likewise, Petitioner offers no evidence that Government knew or should have

known that E.S. committed perjury.  Accordingly, the Court denies ground three.[4]

## IV.    CONCLUSION

For the foregoing reasons, the Court RESERVES judgment on ground one and DENIES

grounds two and three.  An appropriate Order follows.


Dated: May 19, 2022


s/ *Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4]      Because Petitioner's allegations in grounds two and three amount to bald assertions without any evidentiary
support, Petitioner is not entitled to an evidentiary hearing.  *See United States v. Dawson*, 857 F.2d 923, 928 (3d Cir.
1988) (noting that a claim does not merit a hearing if a Section 2255 motion "clearly fails to demonstrate either
deficiency of counsel's performance or prejudice to the defendant"); *see also Campbell v. Burris*, 515 F.3d 172, 184
(3d Cir. 2008).